# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1226-R |
| | ) | |
| BALCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. No. 10), filed by Defendant Balco, Inc. Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff alleges that he was terminated in June 2015 from Balco, Inc., where he had been an employee since 1980. He seeks relief under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989) premised on his allegation that he is a whistleblower, entitled to protection from termination by Oklahoma public policy. In the Motion to Dismiss defendant argues that Plaintiff has not, and indeed cannot, enunciate a clear and compelling public policy grounded in the Oklahoma Constitution, Oklahoma statutes or Oklahoma case law upon which his case rests.

The facts underlying Plaintiff's claims are somewhat difficult to construe. He alleges that in September 2011 he was misled by his immediate supervisor, Mr. Shupe, regarding

how hourly and salary workers were to be paid during a plant closure.[1] Plaintiff alleges that after this incident Shupe engaged in harassment and sexual misconduct, of which Plaintiff was aware, in part to drive Plaintiff out of the company. Finally, in 2015, Plaintiff informed Shupe's supervisor, Knuk, that in October 2011, Shupe had harassed, cussed and threatened the lives of Oklahoma City employees Larry and Gary Cooper, apparently because their brother, Steve, also an employee, had spoken with Knuk about Shupe's alleged misstatements in September 2011. Plaintiff contends these allegations are sufficient to avoid dismissal, because the reporting of a crime, even if done internally and not to the police, supports a *Burk* claim.

The Court sees no need to delve deeply into the cases cited by the parties, because the shortcoming of Plaintiff's theory is obvious. Plaintiff did not report an alleged crime at or near the time it occurred, for reasons not disclosed in the petition. Rather, according to his own allegations he waited nearly four years before making a statement to Mr. Knuk, Mr. Shupe's supervisor. It is unclear what Plaintiff's intention was when he made the disclosure, nor are there any allegations in the petition that disclose whether the alleged threat to the Cooper brothers was made to them or to Plaintiff, and what, if any , impact it had on any of the men.

> *Burk* adopted the public policy exception to the terminable-at-will employment doctrine for "a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." 1989 OK 22 at ¶ 17, 770 P.2d at 28. *Burk* created a tort

---

[1] In response to the motion Plaintiff attempts to clarify by stating that he was blatantly misled by Shupe regarding how salary employees, like Shupe, would be paid versus hourly employees, like Plaintiff. Plaintiff does not allege that this misstatement violated any law.

remedy limited to those situations "where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." 1989 OK 22 at ¶ 19, 770 P.2d at 29. *Burk* cautioned that the public policy exception must be strictly applied: "In light of the vague meaning of the term public policy we believe the public policy exception must be tightly circumscribed." 1989 OK 22 at ¶ 18, 770 P.2d at 28–29.

*Reynolds v. Advance Alarms, Inc.*, 2009 OK 97, ¶ 6, 232 P.3d 907, 909, *as corrected* (Dec. 16, 2009). Identifying the compelling public policy, is a question of law for the Court *Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1210 (Okla. 2008). The Court finds that as a matter of law, accepting Plaintiff's allegations as true, that there is no compelling Oklahoma public policy to support his *Burk* claim.

For the reasons set forth herein, Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED.

IT IS SO ORDERED this 11th day of January, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE